**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 17 CR 50051 |
| v. | ) | Chief Judge Virginia M. Kendall |
| TERESA L. JOHNSON | ) | |

## OPINION & ORDER

Defendant Teresa Johnson pleaded guilty to one count of wire fraud and accepted the Government's asserted restitution amount. Johnson appealed the original restitution order and the Government confessed error in the original calculation. On remand, the Court agreed to hear additional arguments regarding further setoffs and credits to the restitution amount. For the reasons that follow, the Court grants Johnson's motion to amend the restitution order in part and denies it in part. (Dkt. 86-1).

## BACKGROUND

Between 2012 and 2016, Johnson worked as a credit and collections specialist at Mitek Corporation ("Mitek") (Dkt. 88-1 at 1–3). During her employment, she used her position to embezzle funds from Mitek and several other companies and diverted them to her bank account. (*Id.*). Johnson used the funds to purchase sixty Gypsy horses each costing, approximately, $10,000 or more. (*Id.* at 2).

In 2016, Mitek filed suit against Johnson seeking to recover the millions of dollars that she siphoned off over the years. (*Id.*) Johnson responded to this suit with

an unrelated counterclaim of her own. (*Id.* at 2). In early 2017, Johnson and Mitek reached an agreement to satisfy their claims through a stipulated judgement. (86-3 at 1). Johnson agreed to repay over two million dollars to Mitek; in exchange, Mitek agreed to setoff $190,000 against the judgment in satisfaction of Johnson's claim against Mitek. (*Id.*) Accordingly, the U.S. District Court for the Western District of Wisconsin entered judgement in the amount of $2,000,411.27 against Johnson. (Dkt. 88-1 at 2). As part of the settlement, Johnson also agreed to surrender leftover funds in her attorney trust account and to allow a receiver to sell her equine assets to satisfy Mitek's judgment. (Dkts. 86-3 at 2; 88-2 at 4).

Later, in 2017, the Government charged Johnson by information with one count of wire fraud in violation of 18 U.S.C. § 1343 for her scheme to embezzle from Mitek and others. (Dkt. 1). Johnson pleaded guilty to the charge and, under the terms of the plea agreement, acknowledged a total restitution obligation of $2,204,508.52, "minus credit for funds repaid prior to sentencing." (Dkt. 88-1 at 2). The court sentenced Johnson to forty months of imprisonment and ordered her to pay the agreed restitution amount to Mitek. (Dkt. 37). Johnson appealed the court's restitution order arguing that it did not account for funds repaid before sentencing. The Government conceded that Johnson was entitled to credit of $170,000 in funds repaid before sentencing. (Dkt. 86-1 at 1). Accordingly, the Seventh Circuit remanded the case for recalculation of Johnson's restitution obligation. (Dkt. 52).

On remand, the Court agreed to hear arguments regarding further setoffs against the restitution amount. Johnson argues that she should be unbridled from a portion

of her restitution obligation because she is entitled to three setoffs: (1) a setoff or rescheduling of $500,000 for insurance funds that Mitek received from its insurer; (2) setoff of her civil judgement against Mitek; and (3) setoff of the fair market value of one Gypsy stallion, known as Chimney Sweeper, allegedly relinquished without compensation. (Dkt. 86-1 at 3–8). The Government relies on a new victim impact statement from Mitek that discloses a smaller loss than that originally contemplated in the Court's order. (Dkt. 88-1 at 3). Moreover, the Government agrees that the Court should amend the restitution order to reflect restitution owed to Mitek's insurer and setoff for Johnson's civil judgment award. (*Id.* at 3, 7). The Government also adds that Johnson should be credited for attorney trust funds relinquished as part of the civil settlement agreement. (*Id.* at 6). However, the Government argues that Johnson is not entitled to a setoff for the value of the unsold horse and that an evidentiary hearing on the matter is unnecessary. (*Id.* at 4–6). The Court addresses these matters in turn.

## LEGAL STANDARD

Restitution is governed by the Mandatory Victims Restitution Act of 1996 ("MVRA"). 18 U.S.C. §§ 3663A, 3664. Under the MVRA, the Court must impose restitution for property crimes in an amount equivalent to the victim's actual loss. Courts, however, must take care to avoid imposing restitution obligations greater than what a defendant truly owes. *United States v. Allen*, 529 F.3d 390, 397 (7th Cir. 2008); *United States v. Burns*, 843 F.3d 679, 690 (7th Cir. 2016); *United States v. Randle*, 324 F.3d 550, 558 (7th Cir. 2003) (Requiring defendant to pay excess restitution, without a statutory basis for doing so, affects defendant's substantial

rights.) Accordingly, the MVRA requires a court to setoff or credit a defendant's restitution balance for funds recovered from the defendant through repayment or civil process, but courts may not credit a defendant for payments their victim received from a third party. *United States v. Malone*, 747 F.3d 481, 485 (7th Cir. 2014). Although the Government bears the initial burden of proving the victim's loss amount by a preponderance of the evidence, the MVRA allocates other burdens "as justice requires," so it is appropriate to shift the burden of proving that the loss amount should be reduced on account of restitution paid to the victim onto the defendant. *Malone*, 747 F.3d at 486 (citing *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998)).

## DISCUSSION

### 1. Johnson is Not Entitled to a Setoff for Insurance Payments Received by Her Victim.

Johnson seeks a setoff or rescheduling of $500,000 because Mitek received an equivalent payment for its loss from its insurer, Chubb. (86-1 at 3–4). The Government argues that 18 U.S.C. § 3664 simply alters who must receive restitution and in what order of priority. (Dkt. 88-1 at 4). According to the Government, Chubb is entitled to $500,000 in restitution to compensate it for its loss when it paid insurance proceeds to Mitek. (*Id.*)

Defendants are not entitled to a setoff for insurance payments under the MVRA. Under 18 U.S.C. § 3664(B), the fact that a victim has received compensation from insurance is of no moment when calculating the total amount of restitution due. However, when a victim receives compensation from a collateral source, 18 U.S.C. § 3664(j)(1) provides, "the court shall order that restitution be paid to the person who

provided or is obligated to provide the compensation [. . .] but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation." Thus, insurance payments require a court to structure the restitution order so that the victim is fully compensated, less the value of the insurance payment, before the insurance provider is reimbursed for their payment by a defendant.

Johnson is not entitled to a setoff, but the restitution order must be amended to reflect the proper amounts of restitution, payees, and order of payment priority. Although Mitek received insurance compensation totaling $500,000 from Chubb, the Court may not consider this when calculating the total amount of restitution that Johnson is required to repay. However, the Court must order Johnson to pay restitution in the amount of $500,000 to Chubb in order to compensate it for its equivalent payment to Mitek. Accordingly, as specified in Section 3664(j)(1), the Court orders Johnson to pay Mitek its full restitution entitlement before paying restitution to Chubb.

**2. Johnson is Entitled to a Setoff Consistent With Her Stipulated Civil Judgement.**

In 2016, Mitek filed a civil suit against Johnson seeking to recover funds Johnson embezzled. (Dkt. 88-1 at 2). Johnson also filed a counterclaim against Mitek. (*Id.*) Mitek and Johnson agreed to settle their respective claims through a stipulated judgment. (*Id.*) In February, 2017, the United States District Court for the Western District of Wisconsin entered judgement in favor of Mitek for $2,000,411.27, which incorporated a setoff of $190,000 owed to Johnson on her counterclaim. (*Id.*)

According to the Government, although credited against the civil judgment, this $190,000 sum was not credited against Johnson's restitution balance. (*Id.* at 7). Although neither party specifically discusses the MVRA, the Court notes that this credit appears appropriate under 18 U.S.C. § 3664(j)(2), which permits crediting a defendant's restitution balance for funds recovered through a related civil action. Because Mitek, in effect, recovered $190,000 through its stipulated judgement with Johnson, Johnson is entitled to have that amount credited against her restitution balance.

**3. Johnson is Entitled to Credit for Forfeited Attorney Trust Account Funds.**

The Government states that Johnson should receive a setoff crediting her for the funds she agreed to turnover through a civil settlement entered into by Johnson and Mitek. (Dkt. 88-1 at 6). According to the Settlement Agreement, Johnson agreed to forfeit any remaining funds in her lawyer's trust account to Mitek to satisfy the parties' stipulated judgment. (Dkt. 86-3 at 1.) The Government now states that Mitek confirms receipt of $52,000 under this provision of the agreement. (Dkt. 88-1 at 6). Accordingly, Johnson is entitled to have funds paid to Mitek from her attorney trust account credited toward her restitution balance.

**4. Johnson's Motion is Denied to the Extent it Seeks an Evidentiary Hearing.**

As part of the civil settlement agreement, Johnson allowed a receiver to collect and sell her equine assets producing a total of $193,438.85 for Mitek. (*Id.* at 5). Johnson now seeks a setoff for the value of one Gypsy horse, known as Chimney Sweeper, because she alleges the receiver relinquished to its breeder without any

compensation. (Dkt. 86-1 at 6–8). Johnson asks the Court to conduct an evidentiary hearing so she might examine the receiver, the horse's breeder, and an expert in horse valuation to determine the value of a setoff against her restitution balance. (*Id.*) Because Johnson never disclosed Chimney Sweeper, the Government contends that an evidentiary hearing would be fruitless and that any setoff would result in undue harm to Mitek. (Dkt. 88-1 at 4–6).

Courts are not required to indulge requests for evidentiary hearings that are inadequately grounded. As discussed above, the burden to show that a setoff or credit toward a restitution balance is due rests with the defendant. *See Malone*, 747 F.3d at 486. Although courts must protect the substantial rights of a defendant and may not order more restitution than is appropriate, courts need not launch "proverbial fishing expeditions" when a defendant requests an evidentiary to disprove the Government's asserted loss amount without substantive evidentiary support. *United States v. Robl*, 8 F.4th 515, 529 (7th Cir. 2021); *see also Randle*, 324 F.3d at 558. Without sufficient supporting evidence, a district court acts well within its discretion to deny a request for an evidentiary hearing based on speculative assertions of what one might uncover. *Id.*

Johnson's request for an evidentiary hearing is based on little more than speculation about the disposition of Chimney Sweeper. Johnson provides screenshots of text messages that purport to show the purchase of Chimney Sweeper from a breeder in Wisconsin (who has since relocated to Kentucky). (Dkt. 89-4). Although Johnson produces some evidence of the horse's existence and her ownership, these

messages do little to identify the horse, nor do they disclose what happened to it. (*Id.*) In response, the Government provides a schedule, prepared and signed by Johnson, listing her horses. (Dkt. 88-3). Chimney Sweeper does not appear in that document. (*Id.*) Johnson also provides a distinct list of horses that also does not list Chimney Sweeper. (Dkt. 86-3 at 1–2). No documentary evidence supports Johnson's assertion that the receiver simply relinquished Chimney Sweeper to its breeder at all. Moreover, Johnson does not address how the receiver could have known about the apparently undisclosed horse, much less disposed of it. Johnson fails to persuade the Court that an evidentiary hearing would be anything more than a speculative endeavor. Accordingly, the Court denies Johnson's request for an evidentiary hearing.

## CONCLUSION

The Court grants in part and denies in part Johnson's motion to modify the court's restitution Order [Dkt. 86-1]. Johnson is ordered to pay restitution in the amount of $1,224,226.15 to Mitek Corporation. After fully satisfying her restitution obligation to Mitek, Johnson is ordered to pay $500,000 in restitution to Chubb Federal Insurance Company.

Virginia M. Kendall
United States District Judge

Date: October 20, 2026